## Burger v. Indemnity Insurance Co. of North America

*Nathan W. Stuart*, for plaintiff

*H. Alvan Baird*, for defendant.

GREEVY, J., June 13, 1956.—This matter is before us on preliminary objections and requires interpretation of an exception clause in an automobile liability insurance policy issued by defendant, Indemnity Insurance Company of North America, to plaintiff, Archie Burger, also known as Archie Berger.

On May 3, 1955, plaintff, while operating a motor vehicle owned by his son, negligently collided with a parked vehicle owned by William H. Camp. Plaintiff paid William H. Camp the amount of his damages, $324.79, and is now seeking to recover the amount from defendant under the policy issued to him, plaintiff. The son was a member of plaintiff's household and plaintiff had permission to use the son's car on this occasion. He alleges, however, that he neither had the right nor did he use his son's car frequently and regularly.

The preliminary objections filed by defendant, in the nature of a demurrer, set forth that the complaint fails to state a cause of action in that the policy, issued to plaintiff, excludes automobiles driven by

the insured when owned by a member of his household.

The question before us is the interpretation of the so-called "use of other automobiles", "drive other cars", "driver of other cars" or "use of other cars" clause, hereinafter referred to as "drive other cars" clause.

We find an American Law Reports article (173 A.L.R. 901-905), and several cases on this precise question.

In Rodenkirk, use of Deitenbach v. State Farm Mutual Automobile Insurance Co., 325 Ill. App. 421, 60 N. E. 2d 269, the court held that the exclusion from coverage of other cars owned by the insured or furnished for his regular use also excludes cars owned by members of the insured's household or furnished for the regular use for a member of insured's household. The court stated that in extending the driver's regular insurance without the payment of any additional premiums the coverage applied to the occasional driving of cars other than his own but was not applicable to an automobile furnished to the insured for his regular use and defined "regular use" as the right of an insured to use the automobile regularly rather than the number of times he actually used it. The court held that a car owned by a member of insured's household was there for him to use whether or not he used it regularly.

In Brugh v. Erie Indemnity Company, 85 D. & C. 321, President Judge Lansberry (June 21, 1952) ruled that the exception of the extended insurance coverage was ambiguous and therefore would be construed against the insurance company. However, after reargument and reconsideration (May 11, 1953), 6 D. & C. 2d 186, Judge Lansberry held that the extended insurance coverage would not apply to any automobile owned by a member of the insured's household.

In Travelers Indemnity Company v. Pray, United

States Court of Appeals, 6th District, 204 F. 2d 821, the court held that the "drive other cars" clause was ambiguous and therefore interpreted it strictly against the draftsman, the insurer, and liberally in favor of the insured. A dissenting opinion was filed holding there was no coverage under the policy. We agree with the dissent, in which the judge stated that the insuring agreement did not apply to any automobile owned by a member of the insured's household.

The "drive other cars" clause "extends the driver's regular insurance to casual driving of cars other than his own without the payment of extra premium and, in order to confine the extended protection to such casual driving and to make it inapplicable to driving of cars usually at hand, it usually excludes from coverage other cars owned by the insured or by members of his household as well as cars hired for regular use": 173 A.L.R. 901-902.

The wording of the clause in the policy before us is:

"V. Use of Other Automobiles

"(b) This insuring agreement does not apply: (1) to any automobile owned by, hired as part of a frequent use of hired automobiles by, or furnished for regular use to the named insured or a member of his houshold . . .".

There is only one interpretation for this clause, that the insuring agreement does not apply to any automobile owned by the insured (other than the car covered in the policy) or a member of his household, to any automobile hired by the named insured or a member of his household, to any automobile furnished for regular use to the named insured or a member of his household. In accordance therewith we hold that this insurance agreement would not apply while the insured was driving the automobile that was owned by his son as the son was a member of his household.

*Order*

And now, June 13, 1956, the preliminary objections are sustained and it is directed that judgment be entered in favor of defendant, The Indemnity Insurance Company of North America, and the costs of this litigation are assessed against plaintiff.